**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kelly Lynn Kincer, | ) | No. CV-13-505-TUC-LAB |
| Petitioner, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Louis Winn, | ) | |
| Respondent. | ) | |
| | ) | |

On June 19, 2013, Kelly Lynn Kincer, an inmate confined (at that time) in the United States Penitentiary in Tucson, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) Kincer claims the Bureau of Prisons (BOP) wrongfully deprived him of 47 days of Good Conduct Time.

Magistrate Judge Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Doc. 12)

The petition will be denied on the merits.


Summary of the Case

On December 20, 2011, staff at the U.S. Penitentiary in Tucson reviewed a letter Kincer sent to his mother. (Doc. 14, p. 4) That letter read, in relevant part, as follows:

> I am sending you this list of names and addresses, and when you get it, keep it in your purse, or close by. Then, if I send you a letter in someone elses [sic] name, with a number written in the middle of the label, that means send it to whoever [sic] that number is on the paper. Do you see what I am saying?

1   (Doc. 14-4, p. 5) Staff determined that Kincer was trying to "circumvent mail monitoring

2   procedures" by having his mother forward mail from Kincer to unknown individuals. (Doc. 14,

3   p. 4) Kincer was subsequently charged with "Use of mail for abuses other than criminal activity

4   which circumvent mail monitoring procedures." (Doc. 14, p. 4)

5        On March 29, 2012, the Discipline Hearing Officer upheld the charge and sanctioned

6   Kincer with, among other things, the forfeiture of 47 days of Good Conduct Time. (Doc. 14, p.

7   5) Kincer appealed to both the Western Regional Office and the General Counsel, but neither

8   appeal was successful. (Doc. 14, pp. 5-6)

9        Kincer now appeals to this court, arguing that the BOP wrongfully sanctioned him. (Doc.

10  1, p. 4) Kincer maintains the list referenced in the letter contained the addresses of his

11  attorneys. *Id.* He further states the purpose of his scheme was to allow his mother to forward

12  correspondence and to attach documents that she could possess, but he could not. *Id.* He asks

13  this court to expunge the incident report and restore his Good Conduct Time. (Doc. 1, p. 9)

14       The respondent argues that Kincer failed to exhaust his administrative appeals and that

15  this petition must be dismissed as a result. Assuming without deciding that Kincer adequately

16  exhausted his administrative remedies, this court finds the petition should be denied on the

17  merits.

18

19       Discussion

20       Federal prisoners have a statutory right to good time credits. *See* 18 U.S.C. § 3624.

21  Accordingly, they have a due process interest in the disciplinary proceedings that may take

22  away those credits. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974).

23       The final decision to revoke good time credits must be based on "some evidence."

24  *Superintendent, Massachusetts Correctional Instn., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

25  "The relevant question is whether there is any evidence in the record that could support the

26  conclusion reached by the disciplinary board."   *Id.* at 455-56.  If so, then due process is

27  satisfied. *Id.* The court need not examine the entire record, independently assess the credibility

28  of the witnesses, or weigh the evidence. *Id.* at 455.

Code 296 of 28 C.F.R. § 541.3 prohibits the "[u]se of the mail for abuses other than criminal activity which circumvent mail monitoring procedures." Such activity includes "directing others to send, sending, or receiving a letter or mail through unauthorized means." *Id.*

Here, Kincer sent mail to his mother with instructions for forwarding correspondence to third persons. Kincer argues the letter was strictly legal mail, but he failed to properly mark it as such. (Doc. 14-4, p. 4) Consequently, there was "some evidence" supporting the BOP's conclusion that Kincer was circumventing mail monitoring procedures. The BOP's decision in this case did not violate due process. Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241, filed on June 19, 2013 by Kelly Lynn Kincer is DENIED. (Doc. 1) The Clerk is directed to prepare a judgment and close this case.

DATED this 25th day of August, 2014.

Leslie A. Bowman
United States Magistrate Judge